No. 894

DIMAIO v. KOHLER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7863. Decided Oct. 31, 1927.
**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**72. AMERCEMENT—Where property, taken on execution, has been spirited away from sheriff without his knowledge, consent or negligence, action in amercement will not lie.**

Error to Common Pleas.

Judgment affirmed.

James J. Lovano, Cleveland, for DiMaio.
E. C. Stanton, Cleveland, for Kohler, et.

STATEMENT OF FACTS.

Plaintiff in error, who was plaintiff below, brought an action against Fred Kohler, Sheriff, to amerce him for failing to account, as he claims, for two wine presses, that had been taken in execution against the judgment debtor. Judgment was rendered in favor of the sheriff.

The wine presses were put into a place which was locked and a keeper put in charge and, without knowledge, consent or negligence on the part of the sheriff, these goods, it is claimed, were spirited away and disposed of, and it is sought to hold the sheriff responsible by way of an action in amercement.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

Such action may be brought under 12103 GC., which provides as follows: (Here follows quotation from above section.

It will be noted in reading this statute that the instant case comes under none of the aforementioned causes for which the sheriff may be amerced and we think, therefore, that the suit was not properly planted, and that the judgment below was right.

(Sullivan, PJ., and Levine, J., concur.)

---

No. 895

McCLOUD v. HART.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7502. Decided Oct. 25, 1926.
**First Publication of this Opinion.**

**719. LIENS—787. Mortgages—123. Bailments—No common law lien in favor of mover of machinery, he being entrusted with custody only, and performing no work to enhance value.**

Error to Municipal Court.

Judgment reversed.

Harvey E. Elliott, Cleveland, for McCloud.
VICKERY, J.

Certain machinery had been mortgaged, by the owner, to E. E. McCloud, and said mortgage, so far as it appears, was properly recorded. Subsequently the owner of this machinery sought to move same to another location, the mortgagee, McCloud, having no knowledge thereof. Walter Hart was hired to move said machinery, and, after he had moved one load, a doubt crossed his mind as to whether or not he would be paid for his services. Upon talking with the owner, he was assured that a mortgage would be placed on the machinery and that he would be paid from the proceeds thereof.

Hart proceeded to move the balance of the machinery, the last load of which he diverted from the proper location to his own place of business. Later, the owner went into bankruptcy. Hart claimed a right in the property by reason of a common law lien resulting to him because he moved the property. Judgment in the Cleveland Municipal Court was rendered in favor of Hart, and error was prosecuted.

There is no evidence in the record that Hart ever had possession of this property which would give him a common law lien. He, at best, had only the custody of it in moving it from one place to another.

Its value was not enchanced in any way by reason of the work that the mover did upon it, so the lien of the mortgagee, McCloud, is paramount to the so-called lien of the mover, and judgment is reversed and entered in favor of McCloud.

(Levine, PJ., and Sullivan, J., concur.)